## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

JASON WARREN, on behalf of himself and
others similarly situated,

          Plaintiff,

     v.

INSTRON, INC.,

          Defendant.

**Civil Action No.** 24-10213

### NOTICE OF REMOVAL

     Under 28 U.S.C. §§ 1331, 1332, 1441, 1446, and 1453, Defendant Instron, a division of Illinois Tool Works Inc., hereby removes the matter captioned *Jason Warren, on behalf of himself and others similarly situated v. Instron, Inc.,* Case No. 2482CV00007, filed in the Massachusetts Superior Court, Norfolk County Division on January 3, 2024 (hereinafter referred to as the "State Court action") to the United States District Court for the District of Massachusetts. The complaint improperly names "Instron, Inc." as the Defendant. Instron is a division of Illinois Tool Works Inc., which is a Delaware corporation with a principal place of business in Glenview, Illinois. For ease of reference, Illinois Tool Works Inc. is referred to herein as "Instron."

     As set forth below, this case meets, *inter alia*, all of the requirements for original jurisdiction and removal on the grounds of federal question jurisdiction, 28 U.S.C. § 1331, based on a substantial federal question raised by Plaintiff's claims; under the Class Action Fairness

Act, 28 U.S.C. § 1332(d) ("CAFA"); and federal diversity jurisdiction, 28 U.S.C. § 1332(a), and is timely and properly removed by the filing of this Notice.

## NATURE OF REMOVED ACTION

1.    On or about January 3, 2024, Plaintiff Jason Warren ("Plaintiff") filed his Class Action Complaint improperly naming "Instron Inc." as Defendant.  As noted, Instron is a division of Illinois Tool Works Inc.  Plaintiff's Complaint asserts claims for: (i) negligence; (ii) negligence *per se;* (iii) breach of fiduciary duty; and (iv) unjust enrichment in Massachusetts Superior Court, Norfolk County Division.  *See* Complaint ¶¶ 100-137 (attached as **Exhibit A**).

2.    Plaintiff also proposes to represent a putative class of "[a]ll individuals whose PII was compromised in the Instron Data Breach, including all those who received notice of the breach."  *Id.* ¶ 95.

3.    Illinois Tool Works Inc. is a Delaware corporation with its headquarters and principal place of business located at 155 Harlem Avenue in Glenview, IL, and Instron is a division of Illinois Tool Works Inc. with its headquarters located at 825 University Avenue in Norwood, MA.  Instron provides materials testing products and services to customers around the world.

4.    In August 2023, Instron became aware of a cybersecurity incident involving access to its systems by an unauthorized party (the "Incident").  Plaintiff now brings this putative class action in connection with the Incident.

5.    Defendant disputes the facts and claims alleged in the Class Action Complaint and reserves all procedural, substantive, and other defenses, arguments, and claims available in response to the Class Action Complaint.

6.     Under 28 U.S.C. § 1446(a), a copy of the Class Action Complaint is attached as **Exhibit A**.  Defendant has not been served with nor has Defendant served any other process, pleadings, or orders in this action.  A copy of the state-court docket sheet is attached as **Exhibit B**.

## BASES FOR REMOVAL

**I.     Removal of this Putative Class Action Is Proper On The Grounds Of Federal Question Jurisdiction Under 28 U.S.C. § 1331**

7.     This Court has federal-question jurisdiction over this action under 28 U.S.C. § 1331, which grants federal courts original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  *Id.*

8.     Plaintiff "may not, by the expedient of artful pleading, defeat a defendant's legitimate right to a federal forum."  *BIW Deceived v. Loc. S6, Indus. Union of Marine and Shipbuilding Workers of America,* 132 F.3d 824, 831 (1st Cir. 1997).  If Plaintiff's claim "appears to be federal in nature—that is, if it meets the applicable test for one that arises under federal law—then the federal court must recharacterize the complaint to reflect that reality and affirm the removal."  *Id.*

9.     State claims are removable if they "necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

10.     Venue in this Court is proper because the State Court action is pending within the District of Massachusetts.  *See* 28 U.S.C. § 1441(a).

**A.    A Federal Issue Is Necessarily Raised.**

11.    A federal issue is necessarily raised if it "is not logically possible for the plaintiffs to prevail on [a] cause of action without [ ]answering the embedded question of [ ] federal law." *Rhode Island Fishermen's All., Inc. v. Rhode Island Dept. Of Envtl. Mgmt.*, 585 F.3d 42, 49 (1st Cir. 2009).

12.    At a minimum, at least two of Plaintiff's causes of action (negligence and negligence per se) depend on a question of federal law.  Plaintiff alleges that the FTC Act, 15 U.S.C. § 45, imposes a duty "to provide fair and adequate computer systems and data security practices to safeguard Plaintiff's and members of the Class's PII."  Complaint ¶ 110.  Plaintiff similarly alleges that "[t]he FTC publications and orders promulgated pursuant to the FTC Act also form part of the basis of Defendant's duty to protect Plaintiff's and the Class's sensitive PII."  *Id.* ¶ 111.  Plaintiff alleges that Defendant breached these supposed duties imposed "by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard Plaintiffs and members of the Class's PII."  *Id.* ¶ 115.

13.    Plaintiff's claims rely on duties supposedly imposed by the FTC Act.  *See* Complaint ¶¶ 110-11, 115.  It is not "logically possible" for Plaintiff to prevail on his causes of action based on violations of standards of care imposed by the FTC Act and related regulations without deciding whether the Act and regulations imposed such duties on Defendant and, if so, what those duties entailed.  *See Rhode Island Fishermen's All., Inc.*, 585 F.3d at 49.

14.    Accordingly, Plaintiff's claims necessarily raise a federal issue.

**B.    The Federal Issue Is Actually Disputed.**

15.    The "federal issue must also be actually disputed in the litigation" (quotations omitted).  *In re Pharm. Indus. Average Wholesale Price Litig.*, 457 F. Supp. 2d 77, 81 (D. Mass. 2006) (citing *Grable*, 545 U.S. at 314).

16.    Plaintiff has alleged claims that cite to the FTC Act, showing he is aware of and is presenting the federal issue.  *C.f. Mass. v. DMB Fin., LLC*, No. 18-cv-11120, 2018 WL 6199566, at *4 (D. Mass. Nov. 28, 2018) ("[a]lthough the Complaint does not cite to the [Telemarketing Sales Rule, 16 C.F.R. pt. 310], the Commonwealth acknowledges [ ] Chapter 93A" and "the Complaint evidences an awareness of the TSR").

17.    Defendant does not concede in any way that the allegations in the Class Action Complaint are accurate, that Defendant committed any of the violations of law alleged in the Complaint—including the alleged duties imposed by the FTC Act Plaintiff alleges that Defendant violated, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

18.    Therefore, whether the FTC Act imposed certain duties on Defendant and what those duties require are federal issues actually disputed.

**C.    The Federal Issue is Substantial.**

19.    The substantiality requirement "looks [ ] to the importance of the issue to the federal system as a whole."  *Gunn v. Minton*, 568 U.S. 251, 260 (2013).  The federal issue must "sensibly belong[ ] in a federal court."  *Grable*, 545 U.S. at 315.

20.    Plaintiff alleges that "the FTC Act … [imposes a duty on Defendant] to provide fair and adequate computer systems and data security practices to safeguard Plaintiff's and members of the Class's PII," and that FTC publications and orders promulgated under the FTC ACT "also form[s] part of the basis of Defendant's duty to protect Plaintiff's and the Class's sensitive PII."  Complaint ¶¶ 110, 111.

21.    Plaintiff's claims implicate the unanswered issue of whether the FTC Act creates a duty under tort law.  Indeed, federal courts across the country continue to evaluate—and disagree—whether the FTC Act creates a tort duty. *Compare Guy v. Convergent Outsourcing,*

*Inc.*, No. C22-1558, 2023 WL 4637318, *4–*5 (finding that the FTC Act cannot form the basis of an alleged duty in data breach litigation), *and In re SuperValu, Inc.*, 925 F.3d 955, 963–64 (8th Cir. 2019) (affirming dismissal of negligence claim in data breach litigation and concluding that Illinois is unlikely to recognize a legal duty enforceable through a negligence action arising from the FTC Act) *with In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig*., 440 F. Supp. 3d 447, 481–82 (D. Md. 2020) (holding that plaintiffs adequately pleaded a negligence claim by alleging that the defendant breached a tort duty by violating the FTC Act's requirement of implementing adequate security standards to safeguard consumers' personal information); *In re Cap. One Consumer Data Sec. Breach Litig*., 488 F. Supp. 3d 374, 406–08 (E.D. Va. 2020) (holding that a negligence per se claim could be premised on the FTC Act under New York law). This split among federal courts highlights the necessarily federal and substantial question raised by the Class Action Complaint that is properly decided by a federal court.

22.    Moreover, the "lack of a private federal cause of action does not preclude jurisdiction." *In re Pharm. Indus. Average Wholesale Price Litig.*, 457 F. Supp. 2d at 80. The "absence of a federal cause of action [under HIPAA] … is an important clue to Congress's conception of jurisdiction." *See id.* at 82 (quotations omitted); *see also Zoll Medical Corp. v. Barracuda Networks, Inc.,* 565 F. Supp. 3d 101, 107 (D. Mass. 2021) (rejecting plaintiff's argument that HIPAA forms the basis of a tort duty necessary for a negligence claim in data breach litigation). With respect to the FTC Act, "Congress empowered the [FTC]—and the Commission alone—to enforce [the FTC Act]." *In re SuperValue, Inc.*, 925 F.3d at 963–64. Implying a cause of action would be inconsistent with Congress's anticipated enforcement framework.

23.    Therefore, the federal issue raised by Plaintiff's claims is substantial.

**D.    A Federal Issue Is Capable of Resolution in Federal Court Without Disrupting The Federal-State Balance Approved By Congress.**

24.    For the federal court to have jurisdiction, the federal court must be able to hear the federal issue "without disturbing a congressionally approved balance of federal and state judicial responsibilities." *Grable*, 545 U.S. at 308.  "Federal jurisdiction over a matter should not materially affect, or threaten to affect, the normal currents of litigation." *In re Pharm. Indus. Average Wholesale Price Litig.*, 457 F. Supp. 2d at 81 (quotations omitted).

25.    Removing Plaintiff's claims to federal court will neither disturb the balance of federal and state judicial responsibilities nor affect the normal currents of litigation.  There are numerous cases analyzing this exact issue raised in Plaintiff's Class Action Complaint in federal court data-breach litigation.  *See id*. ("Here, [removing] from state to federal jurisdiction is unlikely to upset any balance because of the substantial number of similar cases that are already pending in federal courts.").

26.    Therefore, resolving Plaintiff's claims in federal court will not disrupt the federal-state balance approved by Congress.

27.    This action meets all the requirements of federal question jurisdiction for federal issues embedded in state-law claims. The issue central to Plaintiff's claims of whether the FTC Act can form the basis of a tort duty is: (1) necessarily raised; (2) actually disputed; (3) substantial; and (4) congruent with a congressionally approved balance of federal and state judicial responsibilities. *See Grable*, 545 U.S. at 308.

**II.    Removal Of This Putative Class Action Is Proper Under The Class Action Fairness Act, 28 U.S.C. § 1332(d).**

28.    This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332(d).  CAFA grants federal courts original jurisdiction over claims pleaded as proposed

class actions whenever: (1) "any member of a [putative] class of plaintiffs is a citizen of a State different from any defendant," *id.* § 1332(d)(2)(A); (2) "the number of members of all proposed plaintiff classes in the aggregate is" not "less than 100," *id.* § 1332(d)(5)(B); and (3) "the matter in controversy exceeds the sum or value of $5,000,000 exclusive of interest and costs," *id.* § 1332(d)(2).  The Supreme Court has emphasized that "CAFA's provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."  *Dart Cherokee Basis Operating Co. v. Owens*, 574 U.S. 81, 89 (2014) (internal marks and citation omitted).

29.    Defendant denies that Plaintiff has defined a proper class, that class treatment is proper, and that any class could be certified in this action and reserves all rights to pursue these defenses to certification as necessary at the appropriate time.  Nevertheless, this lawsuit as pleaded satisfies CAFA's definition of a "class action" because Plaintiff explicitly brings the State Court action pursuant to Mass. R. Civ. P. 23 (*see* Complaint ¶ 98), which is Massachusetts's analog to Federal Rule of Civil Procedure 23.  *See* 28 U.S.C. § 1332(d)(1)(B) ("[T]he term 'class action' means any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure[.]").  Plaintiff also captioned his pleading "on behalf of him and others similarly situated" as a "class action complaint" and seeks to represent a putative class in this litigation (Complaint ¶ 95).  *See* 28 U.S.C. § 1332(d)(1)(B).

30.    Venue in this Court is proper because the State Court action is pending within the District of Massachusetts. *See* 28 U.S.C. § 1441(a).

A.    **The Parties Are Minimally Diverse.**

31.    CAFA requires that the parties be only "minimally diverse." *Dart*, 574 U.S. at 84-85.  Federal jurisdiction exists in this action if just one member of the putative class is "a citizen of a State different from [the] defendant."  28 U.S.C. § 1332(d)(2)(A).

32.    Instron is a division of Illinois Tool Works Inc., which is a Delaware corporation and has a primary place of business in Illinois.  As discussed above, Illinois Tool Works Inc. is a citizen of both Delaware and Illinois for diversity jurisdiction purposes.

33.    CAFA's minimal diversity requirement is satisfied in this action because Plaintiff is a citizen of Massachusetts.

34.    In the alternative, the Complaint makes clear that the putative class Plaintiff seeks to represent includes citizens of other states, therefore satisfying the minimal diversity requirement.

35.    Plaintiff alleges a class comprising "[a]ll individuals whose PII was compromised in the Instron Data Breach, including all those who received notice of the breach." Complaint ¶ 95.

36.    Instron provided notice regarding the Incident to individuals in 37 U.S. states.

37.    Accordingly, because Plaintiff is a citizen of Massachusetts and otherwise defines the putative class as including "those who received notice of the breach," and because Instron is not a citizen of Massachusetts and separately provided notice of the Incident to citizens of states other than Massachusetts, CAFA's minimal-diversity requirement is satisfied in this action.  *See* Complaint ¶ 95; *McMorris v. TJX Cos., Inc.*, 493 F. Supp. 2d 158, 164 (D. Mass. 2007) (holding that minimal diversity was enough to satisfy the requirements of CAFA and Article III).

**B.      Plaintiff Alleges A Putative Class Of More Than 100 Members.**

38.    Defendant denies that Plaintiff has defined a proper class, that class treatment is proper, and that any class could be certified in this action.  Nevertheless, the putative class as pleaded facially meets CAFA's threshold of at least 100 putative class members.  *See* 28 U.S.C. § 1332(d)(5)(B).

39.    In establishing federal jurisdiction under CAFA, a defendant may rely on allegations in the complaint to demonstrate a class size of more than 100 members. *See, e.g.*, *Composite Co. v. Am. Int'l Grp., Inc*., 988 F.Supp.2d 61, 74 (D. Mass. 2013) ("Defendants can satisfy their burden by relying on the face of the complaint in the underlying case, by alleging facts in its notice of removal to support its amount in controversy allegation, or by submitting summary judgment type evidence." (internal marks and citation omitted)); *Alper v. Select Portfolio Serv'g, Inc.*, No. 19-cv-10436, 2019 WL 3281129, at *3 (D. Mass. July 19, 2019) (finding that defendant met its burden to demonstrate sufficient class size based on plaintiffs' allegations in the complaint and defendant's sworn testimony regarding its number of consumers).

40.    Plaintiff alleges that "the proposed Class includes at least [one] thousand [] individuals who have been damaged by Defendant's conduct as alleged herein." Complaint ¶ 98.

41.    Further, Instron provided notification of the Incident to 1,059 individuals across the United States.

42.    The proposed class therefore exceeds CAFA's threshold of 100 class members. 28 U.S.C. § 1332(d)(5)(B).

C.    **The Complaint Places More Than $5 Million in Controversy.**

43.    Defendant concedes neither liability on Plaintiff's claims nor the propriety of the

relief he seeks, and reserves all rights with respect to all issues presented by the Class Action

Complaint, including but not limited to venue, liability, causation, standing, damages, and class

certification.

44.    Nevertheless, for purposes of assessing the jurisdictional amount, what matters is

solely the amount potentially in controversy as alleged in the pleadings and materials submitted

by the parties, and not whether a plaintiff's claims or alleged damages have any merit (which

Plaintiff's do not).  *See Swanson v. Lord & Taylor, LLC*, No. Civ-12–10151, 2012 WL

3776450 at *2 (D. Mass. Aug. 28, 2012) ("The amount in controversy inquiry… is divorced

from Plaintiff's likelihood of success on the merits….").  To be sure, Defendant expressly

reserves the right to dispute that Plaintiff or any other member of the putative class has

incurred any cognizable injury or measurable damages in any form.

45.    The amount in controversy is determined by "adding up the value of the claim of

each person who falls within the definition of [the] proposed class and determin[ing] whether

the resulting sum exceeds $5 million."  *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592

(2013).  In actions seeking declaratory or injunctive relief, it is well settled that the amount in

controversy is measured by the value of the object of the litigation, including "the judgment's

pecuniary consequences to those involved."  *Richard C. Young & Co. v. Leventhal*, 389 F.3d 1,

3 (1st Cir. 2004); *see also Hunt v. Wash. Apple Adver. Com'n*, 432 U.S. 333, 347 (1977).  No

evidence is necessary:  A "notice of removal need include only a plausible allegation that the

amount in controversy exceeds the jurisdictional threshold."  *Dart*, 574 U.S. at 89.  And

because the Complaint does not specify an amount sought, Defendant's "amount-in-

controversy allegation should be accepted."  *Id.* at 87.

46.    Plaintiff alleges a putative class of "[a]ll individuals whose PII was compromised in the Instron Data Breach, including all those who received notice of the breach[,]" which includes "at least [one] thousand [] individuals[.]"  Complaint ¶¶ 95, 98.  And Plaintiff alleges that he and each of those putative class members have supposedly "suffered and will continue to suffer damages, including monetary losses, lost time, anxiety, and emotional distress," including: (a) "loss of the opportunity to control how their PII and PHI is used"; (b) "diminution in value of their PII and PHI"; (c) "compromise and continuing publication of their PII and PHI"; (d) "[o]ut-of-pocket costs associated with the prevention, detection, recovery, and remediation from identity theft or fraud"; (e) "[l]ost opportunity costs and lost wages associated with the time and effort expanded addressing and attempting to mitigate the actual and future consequences of the Data Breach," including "efforts spent researching how to prevent, detect, contest, and recover from identity theft and fraud"; (f) "[d]elay in receipt of tax refund monies"; (g) "[u]nauthorized use of stolen PII and PHI"; and (h)  "continued risk to their PII and PHI…."  *Id.* ¶ 75.

47.    As an initial matter, Plaintiff's civil cover sheet accompanying his state court filing lists the potential monetary damages as $5 million.  (Attached as **Exhibit C**).  The Complaint itself alleges that stolen personal information can be worth up to $1,000 by some estimates, which does not begin to address Plaintiff's battery of other alleged harms or prayer for additional damages, such as punitive damages.  Complaint ¶ 76.  Moreover, Plaintiff seeks declaratory and injunctive relief, the latter of which could potentially require numerous fundamental changes to Defendant's information security program.  Complaint Prayer for Relief ¶ C.  As discussed herein, such changes can be costly.  Any proposed injunction

ordering Instron to take additional steps would almost certainly cost more than $1, thus easily tipping this action past the $5 million threshold.

48.    Accordingly, based on Plaintiff's claims as pleaded and the absence of specific damages alleged in the Complaint, CAFA's amount in controversy of $5 million is satisfied in this action. *See Dart*, 574 U.S. at 87.

\* \* \* \* \* \*

49.    This action meets all the requirements of CAFA: (1) minimal diversity under 28 U.S.C. § 1332(d)(2)(A); (2) a putative class size of 100 or more members under 28 U.S.C. § 1332(d)(5)(B); and (3) an amount in controversy of more than $5 million under 28 U.S.C. § 1332(d)(2).  This Court therefore has jurisdiction under 28 U.S.C. § 1332(d).

## III.    Removal is Proper on Grounds of Federal Diversity Jurisdiction.

50.    This Court has federal diversity jurisdiction over this action under 28 U.S.C. § 1332(a), which grants federal courts original jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States."

### A.    The Parties Are Diverse.

51.    In a class action, the diversity inquiry focuses on whether the named plaintiff and defendant are citizens of different states.  *Pruell v. Caritas Christi*, 645 F.3d 81, 83 (1st Cir. 2011).

52.    Here, Plaintiff is a citizen of Massachusetts. Complaint ¶ 13.  Illinois Tool Works Inc. is incorporated in Delaware, but its principal place of business is in Illinois, where it is headquartered and where its officers direct the business' operations.  A corporation is deemed to be a "citizen" of its state of incorporation and where it has its a principal place of business. 28 U.S.C. § 1332(c)(1).  A corporation's principal place of business is where its "nerve center"

is located, which "is the particular location from which [the corporation's] 'officers direct, control, and coordinate the corporation's activities.'" *Harrison v. Granite Bay Care, Inc.*, 811 F.3d 36, 40 (1st Cir. 2016) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010)). Illinois Tool Works Inc. is therefore deemed to be a citizen of Delaware and Illinois for purposes of the diversity statute.

53.    As such, the parties are citizens of different states, and the diversity of citizenship requirement under 28 U.S.C. § 1332(a) is satisfied.

**B.    The Amount in Controversy Exceeds $75,000.**

54.    Defendant concedes neither liability on Plaintiff's claims nor the propriety of the relief he seeks, and reserves all rights with respect to all issues presented by the Class Action Complaint, including but not limited to venue, liability, causation, standing, damages, and class action.

55.    In a class action, "[t]he amount in controversy of Plaintiff's individual claims still must exceed the $75,000 federal jurisdiction threshold." *Niedzinski v. Cooper*, No. 4:19-CV-40037, 2019 WL 4396806, at *7 (D. Mass. Aug. 14, 2019), *report and recommendation adopted sub nom. Niedzinski v. Nationstar Mortg. LLC*, No. 4:19-CV-40037, 2019 WL 4396772 (D. Mass. Sept. 11, 2019).

56.    When determining the value of an individual's claim for diversity jurisdiction, the Court can properly consider the cost of injunctive relief sought by a plaintiff's complaint. *Mojtabai v. Mojtabai*, 4 F.4th 77, 84 (1st Cir. 2021) ("the amount in controversy … is properly 'measured by the value of the object of the litigation[.]'") (quoting *Hunt*, 432 U.S. at 347); *see also Richard C. Young & Co.,* 389 F.3d at 3 ("Courts have repeatedly held that the value of the

matter in controversy is measured not by the monetary judgment which the plaintiff may

recover but by the judgment's pecuniary consequences to those involved in the litigation").

57.   While the Complaint does not allege a specific amount of monetary damages

sought, it alleges that stolen personal information can be worth up to $1,000 by some

estimates.  Complaint ¶ 76.  Plaintiff alleges numerous additional damages—such as lost

wages, out-of-pocket expenses, among others—that further increase the amount in controversy

raised by Plaintiff's claims. *Id.* ¶ 75.

58.   In addition to monetary damages, Plaintiff seeks "declaratory and other equitable

relief as is necessary to protect the interests of Plaintiff and the Class" and "injunctive relief as

is necessary to protect the interests of Plaintiff and the Class." Complaint Prayer for Relief ¶¶

B–C.  A brief review of the FTC's cybersecurity and privacy-related enforcement actions

demonstrates how structural changes to a company's information security program can be

costly and require a fact specific inquiry.  It is plausible that the equitable relief Plaintiff is

seeking could cost Instron more than $74,000.

59.   Taken together, the parties to this litigation are deemed to be citizens of different

states, and Plaintiff's prayers for monetary and equitable relief plausibly put more than $75,000

in controversy.  Removal of this action is proper on the grounds of federal diversity

jurisdiction.

<u>**COMPLIANCE WITH STATUTORY REQUIREMENTS**</u>

60.   Defendant's removal of this action is timely under 28 U.S.C. § 1446(b)(1)

because Defendant is removing this matter within 30 days of its receipt of the Class Action

Complaint.  *See* State Court Docket (attached as **Exhibit B**).

61.    In accordance with 28 U.S.C. § 1446(a), a true and correct copy of the Class Action Complaint is attached hereto as **Exhibit A**.  Defendant has not been served with nor has Defendant served any other process, pleadings, or orders in this action.

62.    In accordance with 28 U.S.C. § 1446(d), Defendant promptly will provide written notice of removal of the State Court action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of Court for the Massachusetts Superior Court, Norfolk County Division.

63.    Defendant's Rule 7.1 Disclosure Statement will be filed contemporaneously with this Notice of Removal.

## GENERAL STATEMENT / NO WAIVER OF RIGHTS

64.    In alleging the amount-in-controversy for purposes of removal, Defendant does not concede in any way that the allegations in the Class Action Complaint are accurate, that Plaintiff has plausibly alleged any damages, that Defendant committed any of the violations of law alleged in the Complaint, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.  Nor does Defendant concede that Plaintiff's class is properly defined or that class certification is appropriate.  Finally, this Notice of Removal does not waive any objections Defendant has as to personal jurisdiction, or any and all of the other claims or defenses by Defendant, all of which are expressly preserved herein.

WHEREFORE, Instron hereby respectfully requests that this case proceed in this Court as an action properly removed from the Massachusetts Superior Court, Norfolk County Division.

Dated: January 26, 2024

/s/ Michael T. Marcucci
Michael T. Marcucci (BBO# 652186)
Jacob E. Morse (BBO# 719512)
JONES DAY
100 High Street, 21st Floor
Boston, MA 02110
Telephone: (617) 960-3939
mmarcucci@jonesday.com
jacobmorse@jonesday.com

*Attorneys for Defendant Instron, a division Illinois Tool Works Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I, Jacob E. Morse, hereby certify that on January 26, 2024, I electronically filed the

foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system.  I also

certify that I served a copy of the foregoing Notice of Removal by email and overnight mail to

Plaintiff's counsel as follows:

> Michael Appel
> Ketterer, Browne and Associates
> 336 S. Main St.
> Bel Air, MD 21014
> Michael@kbaattorneys.com

*Jacob E. Morse*
Jacob E. Morse